The People of the State of Illinois, Plaintiff-Appellee, v. Melvin
Keeney, Defendant-Appellant.

(No. 71-3; ▮▮▮▮▮▮▮▮)

Third District—March 6, 1973.

Bruce Stratton, of Defender Project, of Ottawa, (James Geis, of coun-
sel,) for appellant.

David DeDoncker, State's Attorney, of Rock Island, (William Due-
ringer, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by Melvin Keeney who was found guilty of rape
at a trial without a jury in the circuit court of Rock Island County on
March 3, 1967, and thereafter sentenced to a term of not less than 2
years nor more than 7 years. The sole issue on appeal is whether the
State proved beyond a reasonable doubt that Keeney was guilty of rape.
Defendant particularly challenges the State's proof with respect to

whether sexual intercourse was by force and against the will of the prosecuting witness. The case is unusual in the sense that Keeney was not the person who allegedly had the unlawful sexual intercourse with the complaining witness. He is implicated as a result of a contention of the complainant that he had aided his companions to have such intercourse with the complainant.

It is shown in the record from the testimony of defendant that he first became acquainted with the complaining witness, Linda Lawver in June of 1966. He testified that he had sexual intercourse with the complainant with her consent on numerous occasions, approximately 3 times a week during the four or five-month period since he had met her. He testified that Linda told him she had been having intercourse with defendant's acquaintance, Roger Haynes, and that she had been "raped," sometimes by certain of his acquaintances, including Roger Haynes, on several prior occasions. It was shown at the trial that Melvin Keeney, Linda Lawver, and another girl, Lana Heaton, literally lived together in defendant's stationwagon from Wednesday, October 26, 1966, until Friday night, October 28, 1966. The activity which led to the prosecution of defendant Keeney occurred on the night of October 28. During the 3-day period from October 26 through October 28, Keeney, Miss Lawver and Lana Heaton spent the daytime driving around the Rock Island-Moline area obtaining and drinking beer, and, at night they slept in the automobile parked in a field. The alleged rape on October 28 took place in the same field.

The prosecuting witness was 19 years of age at the time of the activities which she complained of as being "rape". Between 9:30 to 10:00 P.M. of October 28, 1966, she was riding in defendant's stationwagon when defendant stopped and conversed with 4 boys in another automobile. Linda knew 3 of them. The other automobile followed defendant's stationwagon into the field. When they reached the field the prosecuting witness talked with the defendant in the stationwagon. She said he removed her jeans and underpants, and that 4 other boys either attempted to have or had intercourse with her, and that defendant burned her with a cigaret on the left arm and the right thigh. It was shown that defendant was intoxicated and that he had cigaret burns on his own body. Linda stated that at one time, defendant held her, but the rest of the time, "he just sat there laughing." Defendant dressed Linda following the activities with the other boys. Since the other automobile had gone, Roger Haynes, one of the alleged rapists drove the stationwagon to take the other boys home. He returned the stationwagon to the field. Haynes left the stationwagon, and prosecuting witness and defendant were then alone. She then removed the keys from the ignition and went to a nearby

house, where, at approximately midnight, she complained that she had been raped.

The record shows that prosecuting witness's testimony (to the effect that she was unaware of the location of the homes in the vicinity of the stationwagon; whether lights were on in those homes and people present; and the order in which the alleged rapists had approached her), was impeached by defendant's use of the transcript of the testimony of the prosecuting witness at defendant's preliminary hearing held shortly after the incident. The prosecuting witness admitted that she had made the prior inconsistent statements, including the statement that she had never previously been alone with defendant.

It was shown from the testimony of Mike Nickey and Roger Haynes, two of the alleged rapists, that the stationwagon was parked approximately 50 to 75 feet from a row of houses, that lights were burning in the houses, that Linda never screamed, and that no one ever held her. Lana Heaton also stated that the stationwagon was parked in close proximity to the houses when the incident occurred. An occupant of one of the houses, Amanda Privett, said that Linda came to her house at about midnight of October 28 and said that she had been burned by cigarets and raped by seven or eight boys. Mrs. Privett agreed that the complaining witness was hysterical, but Mrs. Privet said during the month before the incident, the complaining witness had visited her house almost every day and that the behavior of the complaining witness was not unusual because "that's the state of mind she goes around in half the time." According to Amanda Privett, the complaining witness had told her on numerous prior occasions that she was going to commit suicide or go to the State Hospital, that she used LSD and heard voices and that she "had a habit of sleeping with them and giving in, the habit of giving in for anyone  *  *  *."

Lana Heaton testified that Linda Lawver had said to her that she had sexual intercourse with Roger Haynes and the defendant frequently. Lana Heaton also testified that she was personally present on one occasion when the complaining witness had sexual intercourse with defendant Keeney. Roger Haynes testified that he had sexual intercourse with complainant as recently as 2 or 3 days prior to October 28. Edna Lawver, complainant's sister-in-law testified that the complainant had a bad reputation for both veracity and chastity. Another witness corroborated this testimony with respect to complainant's reputation for chastity.

Amanda Privett also testified that complainant had told her that Roger Haynes had raped her at knifepoint in the broad daylight 2 days before the incident and that earlier she had been raped by 3 boys, who "went

up." Lana Heaton said that complainant told her that she had been raped 2 years previously and that on July 4, 1966, the defendant had "raped" her and that Roger Haynes had "raped" her the day before the incident and that a boy named Dana had tried to rape her. Defendant Keeney said that the complainant had mentioned to him each of the so-called "rapes" referred to except, however, the one apparently described as having been committed by defendant Keeney on July 4, 1966. Amanda Privett and Lana Heaton each testified that 2 weeks after the incident involved in the cause before us, the complainant told each of them that no one actually had raped her on October 28, 1966.

Following the incident referred to, the complainant was examined by a physician. He testified for the State and said that when he examined her during the early morning hours of October 29, 1966, complainant was very upset. His testimony tended to establish that complainant had engaged in sexual intercourse, but he was not able to determine that the intercourse had occurred by force and indicated the same results would be obtained if this was done with her consent. The physician noted lesions on complainant's shoulder and hip which he said could be compatible with cigaret burns.

It was shown by the record, as we have indicated, that complainant had been having sexual intercourse regularly and willfully with defendant Keeney. Aside from the allegations concerning the burning by cigarets there were no allegations of any threats by defendant of physical violence. There is also no evidence in the record which directly connects defendant in any way with holding her during acts of intercourse with the alleged "rapists." There is no explanation by the complaining witness how one act of holding her briefly would explain the alleged force which would cause her to remain in defendant's presence for the entire period of approximately two and a half hours while this activity was going on. It was also shown that complainant was familiar with the field in which the stationwagon was parked since she had slept in the stationwagon for several nights and must have been aware of her surroundings. She had been a frequent visitor at the home of Amanda Privett next to the field. When she left the stationwagon on the night of October 28, she went directly to Mrs. Privett's home.

■■ A court of review, when an issue of the character now presented to us in a rape case is before it, has a duty to review the evidence to determine whether the State proved beyond all reasonable doubt that defendant was guilty of rape and whether there is an abiding conviction, based on the record, that he is guilty of the crime charged. (*People v. Taylor*, 48 Ill.2d 91, 268 N.E.2d 865.) In the cause before us, we feel that

the record does not clearly show that any intercourse with Linda Lawver was by force by defendant Keeney. As stated in *People v. Rossililli,* 24 Ill.2d 341, 181 N.E.2d 114, 117:

> "It is a fundamental rule in such cases that in order to prove the charge of forcible rape there must be evidence to show that the act was committed by force and against the will of the female, and if she has the use of her faculties and physical powers the evidence must show such resistance as will demonstrate that the act was against her will.  *  *  *  It is also fundamental that voluntary submission by the female, while she has power to resist, no matter how reluctantly yielded, amounts to consent and removes from the act an essential element of the crime of rape."

It appears from the record in the instant case that the prosecution has failed to prove that defendant Keeney was guilty of forcible rape. The picture before us from the entire record is of a young girl, perhaps at times unstable, who engaged frequently and willingly in sexual intercourse with males and almost as frequently has expressed pangs of regret for her prior acts. While the record discloses the occurrence of repulsive and vulgar activities, these activities, as vulgar as they might be, do not establish the crime of rape as to defendant Keeney, nor do we find the complainant's testimony, as shown in the record, to have been clear and convincing.

On the basis of our review of the record, therefore, we do not believe that it was proven beyond a reasonable doubt that prosecuting witness was compelled by actions of defendant Keeney to have sexual intercourse by force and against her will. (*People v. Faulisi,* 25 Ill.2d 457, 185 N.E.2d 211; *People v. DeFrates,* 33 Ill.2d 190, 210 N.E.2d 467.) For the reasons stated the conviction of defendant Melvin Keeney of rape is hereby reversed.

Reversed.

STOUDER, P. J., and SCOTT, J., concur.