*In re* Thomas L. Evelsizer, a Minor.—(The People of the State of Illinois, Petitioner-Appellee, *v.* Thomas Evelsizer, Respondent-Appellant.)

(No. 74-61; ▮▮▮▮▮▮▮▮▮▮

Third District—May 5, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A delinquency petition filed on October 15, 1973, charged Thomas Evelsizer, hereinafter referred to as respondent-appellant, with acts which would have constituted the offense of rape had he been an adult. After a hearing held in the circuit court of Tazewell County the respondent-appellant was adjudicated a delinquent, made a ward of the court, and then released into his parent's custody. Final disposition of the juvenile was continued until the completion of this appeal.

The only issue raised on this appeal is the respondent's contention that the evidence is insufficient to support the trial court's determination that he was guilty of the misconduct charged. In particular the respondent argues that the prosecutrix described events which were physically impossible of occurrence and this testimony was contradicted by that of another witness.

Ronald Smith, Thomas Evelsizer, Roberta Dixon and Joyce Yates were all present at the General Drive In Store on the afternoon of October 8, 1973. All of them worked there, with the exception of Tom Evelsizer, the appellant, who was visiting with Ron Smith. In the course of the afternoon the four worked at various jobs in the store or just sat and talked with one another. Tom and the complainant, Joyce Yates, had known each other from previous occasions.

The events which give rise to the charge described in the petition took place at about 5 P.M. when Joyce Yates entered the restroom on the premises. She was followed by Smith and Evelsizer. Without describing Yates' testimony in detail we believe it is sufficient to say that according to her testimony the lights were turned off, she was held by Smith against the wall, intercourse was attempted by the respondent and there was slight penetration.

The respondent testified in his own behalf, and during such testimony he admitted the attempted intercourse with the prosecutrix but denied any force had been employed either by himself or by Smith. According to Evelsizer prosecutrix had encouraged his conduct by the horseplay that went on during the afternoon and had encouraged and consented to the acts which took place in the restroom and further, the intercourse had not been consummated because of the interference by Smith.

According to the prosecutrix, while these events were taking place she did cry out but apparently the other girl in the store did not hear any such cry. In any event the other girl, Roberta Dixon, did come to the door of the restroom about the time these events were ending and indicated that the proprietor of the store had returned. As Joyce Yates left the restroom she was, according to Dixon, crying and appeared distraught. Shortly thereafter Yates called her parents, told them what had happened, and these charges thereafter resulted.

■■ It is incumbent upon the State to demonstrate beyond a reasonable doubt that the act of sexual intercourse did occur and was by force and against the will of the complaining witness. (*People v. Keeney*, 10 Ill. App.3d 296, 293 N.E.2d 492, and *People v. Barfield*, 113 Ill.App.2d 390, 251 N.E.2d 923.) Where, as in the instant case, no questions are raised concerning the identification of the person charged with the offense or with respect to the person's presence at the scene, the principal consideration of the trial court in determining the sufficiency of the evidence relates primarily to the question of consent.

■■ Even though there are some inconsistencies in the testimony of Joyce Yates and even though the physical facts of the attack are somewhat unusual, we nevertheless believe the trial court in considering the evidence as a whole was justified in determining that the events took place with

force and without the consent of the prosecutrix. Under the stress of the circumstances at the time we doubt that the prosecutrix can be bound to any precise or literal interpretation of the events and consequently we do not believe that the events could not possibly have taken place as described. Nor do we believe the failure of the Dixon girl to hear an outcry necessarily discredits the testimony of the prosecutrix to the extent that her testimony becomes unbelievable. In this regard it should be noted that prosecutrix was distraught when first seen by her friend Dixon, and it should also be noted that she made prompt complaint about what had happened. (*People v. Jackson,* 103 Ill.App.2d 209, 243 N.E.2d 551.) Under these circumstances we believe the decision of the trial court is adequately supported by the evidence.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed, and this cause is remanded to said court for further proceedings.

Affirmed and remanded.

ALLOY and STENGEL, JJ., concur.